UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LANCE ADAM GOLDMAN,

                Plaintiff,                       Case No. 1:16-cv-359

v.                                       Honorable Robert Holmes Bell

KALAMAZOO COUNTY JAIL et al.,

                Defendants.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Kalamazoo County Jail. The Court will serve the complaint against Defendant Niceswander.

## **Factual Allegations**

Plaintiff currently is incarcerated in the Michigan Department of Corrections (MDOC) Charles Egeler Reception and Guidance Center, but the events giving rise to his complaint occurred at the Kalamazoo County Jail (KCJ).[1]  In his *pro se* complaint, Plaintiff sues KCJ and Deputy Sheriff Timothy Niceswander.

Plaintiff alleges that he was incarcerated at KCJ from October 29, 2015, until his transfer to MDOC custody.  Plaintiff claims that during the entire period of his stay at KCJ, Defendant Niceswander denied him outdoor exercise in retaliation for Plaintiff's filing of grievances.  Plaintiff alleges that he had a verbal altercation with Niceswander on March 10, 2016, after Niceswander took his towel.  Niceswander refused Plaintiff's request to return the towel, and Plaintiff's subsequent requests for a grievance form and to speak with the sergeant.  When Plaintiff threatened to call his family in order to report Niceswander's conduct, Plaintiff claims that Niceswander "responded with undue and excessive force by then, very quicky, reaching his arm and hand through the bars and grabbing my entire penis and scrotum and squeezing and turning them, [sic] did not let go for about 2 minutes . . . ." (Compl., ECF No. 1, PageID.4.)  Plaintiff alleges that his two cellmates observed the assault.  After Niceswander released Plaintiff's genitals and walked away, Plaintiff pressed the emergency call button, but there was no response.  Plaintiff also attempted to use the phone to report the assault, but Niceswander had disconnected the phone service to his cell.

---

[1]Plaintiff filed a previous civil rights action in this Court that raises unrelated claims concerning the conditions of his confinement at the Kalamazoo County Jail.  *See Goldman v. Kalamazoo County Sheriff's Office et al.*, 1:16-cv-52 (W.D. Mich.).  That action remains pending.

Plaintiff reported the incident to another deputy after the shift change at 4:30 p.m. At that time, Plaintiff obtained and filed a grievance and used the phone to make a report under the Prison Rape Elimination Act (PREA). A lieutenant and sergeant took video-recorded statements from Plaintiff and his cellmates regarding the assault at approximately 6:00 p.m. On the morning of March 15, 2016, Plaintiff met with Detective Donald McGehee, who interviewed Plaintiff and videotaped a re-enactment of the assault. Plaintiff answered in the affirmative when asked by Detective McGehee whether he wanted to press charges against Deputy Niceswander. After his interview with Detective McGehee, Plaintiff was seen by a nurse, who scheduled him for an appointment with the doctor. At his appointment on March 19, 2015, the doctor prescribed 800 mg Ibuprofen pills to treat Plaintiff's pain resulting from the assault. Plaintiff claims that he filled out a kite requesting medical attention on the day of the incident and remained in pain until he received medical treatment on March 19. Plaintiff alleges that since the assault, he continues to suffer pain when urinating and has difficultly sensing when he needs to urinate, resulting in uncontrollable urination while he is sleeping. Defendant Niceswander harassed Plaintiff and continued to deny him outdoor recreation following the assault.

Plaintiff seeks injunctive relief and monetary damages.

## Discussion

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.      **Kalamazoo County Jail**

Plaintiff sues the Kalamazoo County Jail.   Section 1983 imposes liability on any "person" who violates an individual's federal rights while acting under color of state law.  A county

- 4 -

jail is a building that houses prisoners, not a "person" capable of being sued under the statute. *See e.g., Darby v. Pasedena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991); *Oladipupo v. Austin*, 104 F.Supp.2d 626, 641-42 (W.D. La. 2000); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (Cook County Jail is a building, not a person subject to suit); *McCoy v. Chesapeake Corr. Ctr.*, 788 F.Supp. 890, 893-94 (E.D. Va. 1992) (local jail not a "person" amenable to suit under § 1983); *Spratt v. DeKalb County Jail*, No. 1:05-cv-254, 2005 WL 1958654, at *3 (N.D. Ind. Aug. 12, 2005); *Seals v. Grainger County Jail*, No. 3:04cv606, 2005 WL 1076326, at *2 (E.D. Tenn. May 6, 2005).  Because the jail is not a "person" subject to suit under § 1983, it must be dismissed from this action for failure to state a claim.

Liberally construing Plaintiff's *pro se* complaint, the Court could construe the complaint as an attempt to state a claim against Kalamazoo County, the entity responsible for the operation of the jail.  However, for Kalamazoo County to be liable, Plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the County.  *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy.  *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003).  It is the court's task to identify the officials or governmental bodies which speak with final policymaking authority for the local government in a particular area or on a particular issue.  *McMillian v. Monroe Cnty.*, 520 U.S. 781, 784-85 (1997).

- 5 -

In matters pertaining to the conditions of the jail and to the operation of the deputies, the sheriff is the policymaker for the county. MICH. COMP. LAWS § 51.75 (sheriff has the "charge and custody" of the jails in his county); MICH. COMP. LAWS § 51.281 (sheriff prescribes rules and regulations for conduct of prisoners); MICH. COMP. LAWS § 51.70 (sheriff may appoint deputies and revoke appointments at any time); *Kroes v. Smith*, 540 F. Supp. 1295, 1298 (E.D. Mich. 1982) (the sheriff of "a given county is the only official with direct control over the duties, responsibilities, and methods of operation of deputy sheriffs" and thus, the sheriff "establishes the policies and customs described in *Monell*"). Thus, the court looks to the allegations in the plaintiff's complaint to determine whether the plaintiff has alleged that the sheriff has established a policy or custom which caused the plaintiff to be deprived of a constitutional right.

Plaintiff's action fails at this first step because his allegations have not identified a policy or custom. A "policy" includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff. *Monell*, 436 U.S. at 690. The Sixth Circuit has explained that a "custom"

> for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law. In turn, the notion of "law" includes deeply embedded traditional ways of carrying out state policy. It must reflect a course of action deliberately chosen from among various alternatives. In short, a "custom" is a "legal institution" not memorialized by written law.

*Claiborne Cnty.*, 103 F.3d at 507 (citations and quotations omitted). Plaintiff has not asserted that the Kalamazoo County sheriff established a policy or custom that resulted in a violation of Plaintiff's federal rights. Plaintiff's only reference to a policy is his allegation that, "It is the policy of the jail to use force when necessary, and force was not due from Deputy Niceswander during the incident." (Compl., ECF No. 1, PageID.5.) In other words, it is the policy of the jail to use force only when necessary and appropriate. Plaintiff contends that Defendant Nicewander used unnecessary and

excessive force, which would be contrary to jail policy.  Moreover, it is clear from the allegations set forth in the complaint, that prison officials conducted an immediate investigation of the alleged assault and referred the matter to law enforcement for  further investigation and potential criminal prosecution.  Thus, Plaintiff has failed to allege that the sheriff, as final policymaker for conditions of the jail and operations of the deputies, had a policy or custom that caused Plaintiff to be deprived of a constitutional right.

Where a plaintiff fails to allege that a policy or custom existed, dismissal of the action for failure to state a claim is appropriate.  *Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff allegation of policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation). Therefore, any claim against Kalamazoo County also is subject to dismissal for failure to state a claim.

### B.     **Deputy Niceswander**

Plaintiff's allegations are sufficient to state one or more federal claims against Defendant Niceswander.  Accordingly, the Court will order service of the complaint against him.

### <u>Conclusion</u>

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Kalamazoo County Jail will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendant Niceswander.

An Order consistent with this Opinion will be entered.

Dated: <u>June 8, 2016</u>                          /s/ Robert Holmes Bell                          
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE